UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GERALD HEBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:07-CV-091 PS |
| ) | |
| PORTER COUNTY, INDIANA, et al. ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

According to the Complaint, at approximately 1:30 a.m. on the morning of March 25, 2005, several deputies of the Porter County Sheriff's Department arrived at Plaintiff Gerald Hebert's home to confiscate his firearms and force him out of his home. Although Plaintiff initially believed they had a warrant or other order that authorized their action, he later learned that there was no such order. That led Plaintiff to file this lawsuit against Porter County, the former Porter County Sheriff, and the individual deputies, claiming violations of federal and state law.

This matter is before the Court on Defendants' motion to dismiss. Defendants moved to dismiss all claims against the County, all claims against Deputy Steve Lawrence, the state law claims against the all of the individual deputies, and the punitive damages demand on the state law claims. Because Deputy Lawrence presents the court with a question of fact in his motion to dismiss, the Court will convert this portion of the motion into a Rule 56 motion for summary judgment. With respect to the remaining grounds, Defendants' motion is granted in part and denied in part.

## I. BACKGROUND

According to the Complaint, all of the events leading to the filing of this action occurred during the early morning hours of March 25, 2005, between roughly 1:30 a.m. and 3:30 a.m. (Compl. ¶¶ 11 & 25, March 23, 2007.)  At approximately 1:30 a.m., several deputies of the Porter County Sheriff's Department knocked on 70 year-old Plaintiff Gerald Hebert's door and asked him to step outside. (*Id.* ¶¶ 11-12.)  Hebert says there were three armed deputies on his front porch, and another three standing near his garage.  (*Id.* ¶¶ 11-12.)  The officers informed him that they were there to confiscate his firearms and to remove him from the premises.  (*Id.* ¶ 13.)  The Complaint does not explain what reason, if any, the officers gave for the intrusion, and it appears that while the officers wanted Hebert to leave his home, they had no intention of bringing him into custody.  The officers handed him a document that he alleges he was unable to read because he didn't have his glasses, and because his eyes were tearing due to the officers' intimidation.  (*Id.* ¶¶ 15-16).

Hebert says he called downstairs to try to wake his adult son, Jacques, who was staying with him.  (*Id.* ¶¶ 10, 17.)  When that did not work, one of the deputies went to wake him and brought him back to the front of the house.  (*Id.* ¶ 18-19.)  Hebert's son read the document and confirmed that it stated the officers were indeed there for the purpose of confiscating Hebert's firearms and removing him from the premises. (*Id.* ¶¶ 14-15, 20.)

Hebert then informed the officers that all of his firearms were stored in the bedroom, and the officers proceeded to collect his firearms, inventory them, and prepare them for removal.  (*Id.* ¶¶ 21-22.)  After all of the firearms and ammunition were catalogued, Hebert was given two receipts indicating the serial numbers and brief descriptions of the firearms and the time they

were received by the officers. (*Id*. ¶ 23.) These receipts were not signed by any of the officers present. (*Id*. ¶ 24.) After the firearms were seized, all of the officers left except one, who remained behind to confirm that Hebert did leave the premises. (*Id*. ¶ 25.) Hebert left the premises between 3:00 and 3:30 a.m. to stay with a friend in Valparaiso, Indiana. (*Id*. ¶ 25.)

Hebert now brings this action under 42 U.S.C. § 1983 against Porter County, against former Porter County Sheriff David Reynolds in his official capacity, and against Harris, Lawrence, Gonzalez, and the other unidentified deputies who were present, in their individual and official capacities. Hebert asserts Fourth and Fourteenth Amendment claims against all Defendants.[1] He also asserts trespass and conversion claims against the deputies. In addition to compensatory damages, Plaintiff seeks treble damages for the state law claims under Indiana Code § 34-24-3-1.

On May 22, 2007 Defendants filed a Partial Motion to Dismiss. In their motion, Defendants seek dismissal of all counts against Porter County and Deputy Steve Lawrence, the state law trespass and conversion claims against the deputies, and the requests for punitive damages under the state law claims.

## II. DISCUSSION

Rule 12(b)(6) allows for dismissal of a claim when the Plaintiff has failed state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true the

---

[1] The Court understands the Complaint as asserting unlawful seizure and due process claims under the United States Constitution. However, the Complaint also refers to due process rights and the right to bear arms guaranteed by Article I, § 11 and Article I, § 32 of the Indiana Constitution, respectively. To the extent that Hebert's claims are premised on the Indiana Constitution, Indiana has not recognized a private right of action for damages arising from the state constitution. *Cantrell v. Morris*, 849 N.E.2d 488 (Ind. 2006).

well pleaded allegations of the complaint, and draw all reasonable inferences in favor of the plaintiff. *Cler v. Illinois Educ. Ass'n.*, 423 F.3d 726, 729 (7th Cir. 2005). Dismissal of an action under Rule 12(b)(6) is warranted only when "'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)).

In the present action, Plaintiff has failed to file a response to the Defendants' motion to dismiss. There are a number of reasons why a plaintiff may fail to file a response, ranging from pure carelessness to a perception of a complete lack of merit in the defendant's motion. *Bolt v. Loy*, 227 F.3d 854, 855-56 (7th Cir. 2000). The Court will not draw any inference from Plaintiff's failure to respond to the motion.

### A. Defendant Steve Lawrence

Defendant Lawrence argues that this Court should dismiss all claims against him because he was not present at the Plaintiff's home at any time on or about March 25, 2005. (Def.'s Mem. at 3-4.) Lawrence avers that, at the time of the events detailed in the Complaint, he was working on a sexual assault call and was not at Hebert's home. [DE 11-2 at 3.] In support of this account, he offers a Porter County Sheriff's Incident Report stating that he was one of several officers who investigated a sexual assault report on March 25. [*Id*. at 8.] The report does not indicate when on March 25 this investigation took place, although it appears to have occurred in the early morning hours. Lawrence argues that this evidence demonstrates that he was not at Hebert's home at the time of the events alleged in the Complaint.

Lawrence's motion thus raises an issue of fact. The Court, however, may not consider matters outside the pleadings without converting the motion to dismiss into a motion for

4

summary judgment. *See Wilkow v. Forbes, Inc.*, 241 F.3d 552, 555 (7th Cir. 2001) (citing Fed. R. Civ. P. 12(b)). When a court converts a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment, the court must notify the parties of its intention to do so, in order to give each party an opportunity to present evidence that would defeat or support summary judgment. *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 627 (7th Cir. 2003). Accordingly, the Court hereby notifies Plaintiff that it intends to convert Lawrence's motion into a motion for summary judgment, and orders Plaintiff to file a response within 30 days. If Plaintiff fails to file a response within 30 days, judgment will be granted to Lawrence.

### B. Porter County

Defendant Porter County argues that this Court should dismiss all claims against it because, under Indiana law, the County cannot be held liable for the actions of the Porter County Sheriff's Department. Plaintiff names Porter County in his Complaint, but the specific allegations of the Complaint only refer to the allegedly unconstitutional policies of the "Porter County, Indiana, Sheriff's office." (Compl. ¶¶ 28, 39, 49, 60.) He also alleges that the individual officers "were acting both in their individual capacities and as agents for Porter County, Indiana." (*Id.* ¶ 9.) It is apparent from the Complaint that Hebert's beef is with the police officers who were at his door, and the department that employed them – not with the County itself. Toward that end, Hebert has also named former Sheriff David Reynolds in his official capacity, which is equivalent to suing the Sheriff's Department itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Court notes that the Sheriff's Department has not moved to dismiss the official capacity claim against Sheriff Reynolds.

To the extent Hebert truly intended to sue the County (as distinguished from the County

5

Sheriff) under § 1983, he has failed to state a claim. While it is true that county police are employees of the county, *see* Ind. Code § 36-8-10-4(a), a governmental entity cannot be held vicariously liable based solely on the fact that it employs a tortfeasor. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, Plaintiff must show that an official policy, practice, or custom of the County caused his injury. *Horwitz v. Bd. of Educ. of Avoca School Dist. No. 37*, 260 F.3d 602, 619-620 (7th Cir. 2001). Again, Plaintiff does not mention any policy, practice, or custom of the County – as opposed to the Sheriff's Department – in his Complaint.

Moreover, Indiana law establishes that counties do not set the policies or the practices of the sheriff's department. Although the officers are employed by the County, they operate under the control of the County sheriff. Ind. Code 36-8-10-4(a). Because the county sheriff is an independently elected constitutional office, he is answerable to the voters of the county, not to the county council or its council members. *Donahue v. St. Joseph County*, 720 N.E.2d 1236, 1241 (Ind. Ct. App. 1999); *Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. Ct. App. 1990)); *Delk v. Bd. of Com'rs of Del. County*, 503 N.E.2d 436, 440 (Ind. Ct. App. 1987). The sheriff's duties are established by state law, not by the county. *See* Ind. Code § 36-2-13-5. Since Hebert's claims relate only to Sheriff's Department policies, which are set by the Sheriff, not the County, Hebert has failed to state a claim against Porter County.[2]

---

[2] It bears note that Porter County may ultimately incur liability for a judgment against the remaining defendants. It may be required to indemnify the individual officers, *see* Ind. Code § 34-13-4-1, or it may bear ultimate financial responsibility for the sheriff's department's liabilities. *See* Ind. Code §§ 36-2-2-24 (county shall maintain offices for county sheriff); 36-2-6-8 (authorizing county executive to make an allowance to county sheriff); 36-2-13-2.8 (sheriff's compensation may be paid from the county general fund). By way of comparison, the Illinois Supreme Court has held that Illinois law requires counties to pay judgments entered against sheriff's offices in their individual capacities. *Carver v. Sheriff of La Salle County*, 787 N.E.2d 127 (Ill. 2003). The Seventh Circuit has held that, following the Illinois Supreme Court's

### C. State Law Individual Capacity Claims Against Officers

Defendants Gonzalez and Harris[3] argue that this Court should dismiss Plaintiff's state law claims of trespass and conversion because they are protected by immunity from suit for these actions under the Indiana Tort Claims Act (ITCA). Under the ITCA, "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). The officers argue that Plaintiff has pleaded himself out of court by alleging that they were acting in the scope of their employment on the night in question.

In a suit against a public employee, if from the face of a complaint it can be determined that a plaintiff is alleging that a public employee was acting within the scope of his employment, then that defendant is entitled to immunity under state law. *Bushong v. Williamson*, 790 N.E.2d 467 (Ind. 2003). In *Bushong*, a school teacher was sued personally for assaulting a student. In granting the teacher immunity from suit, the Supreme Court stated that pursuant to Ind. Code § 34-13-3-5(b), "a plaintiff may not now sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of employment." *Id.* at 471.

The Court cannot make the determination so readily in this case. It is true that Plaintiff

---

decision in *Carver*, an Illinois county is a necessary party in any suit seeking damages from an independently elected county sheriff in an official capacity. *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 948 (7th Cir. 2003). We need not decide at this stage whether that same analysis would apply to cases emanating out of Indiana, since neither party has argued that Lake County is a necessary party under Federal Rule of Civil Procedure 19.

[3] Defendant Steve Lawrence did not move on these grounds, apparently because he maintains that he is entitled to dismissal of all claims against him, as discussed above.

has alleged in the Complaint that the officers were employed by the Sheriff's Department, and that they were following an unconstitutional policy of the Sheriff's Department in seizing his firearms and removing him from his home. (Compl. ¶¶ 8, 28, 39, 49, 60.) But elsewhere in the complaint Plaintiff alleges that the officers "knowingly or intentionally exerted unauthorized control" over his firearms, and "converted [them] to their own value and use[.]" (*Id.* ¶¶ 1, 71, 75.) He further alleges that the officers acted with "gross negligence, malice or with reckless indifference." (*Id.* ¶ 80.) These allegations go beyond a claim that the officers were acting within the scope of their employment. Rather, they suggest that the officers were acting utterly without legal authority and that essentially that Defendants stole the Plaintiff's firearms for their own use, knowing that they had no legal basis for doing so. If proven, these allegations could support a claim that the officers were acting outside the scope of their employment. At this stage in the proceedings, it is most sensible to read these allegations as pleading in the alternative. *See* Fed. R.Civ.P. 8(a). Hebert has not pleaded himself out of court on the state law claims against the officers individually. Gonzalez and Harris's motion to dismiss the state law claims is denied.

### D. Punitive Damages

Lastly, Defendants move to dismiss Plaintiff's demand for punitive damages for the state law violations. Indiana allows treble damages in civil actions for trespass and conversion. Ind. Code § 34-24-3-1. But the Indiana Tort Claims Act states that "a governmental entity or an employee of a governmental entity acting within the scope of employment is not liable for punitive damages." Ind. Code § 34-13-3-4(b). Porter County Sheriff's Department[4] is a

---

[4] The Court need not address the punitive damages issue with respect to the County, because as discussed above, the County is entitled to dismissal of all claims against it.

8

governmental entity.  *Greathouse v. Armstrong*, 616 N.E.2d 364, 366-67 (Ind. 1993) (discussing sheriff's department immunity as a "governmental entity" under the ITCA).  Therefore, Plaintiff is not entitled to punitive damages on his official capacity claims.

However, as discussed above, it is unclear at this stage whether the individual officers were acting within the scope of their employment.  Therefore, punitive damages may be available to Plaintiff on his state law claims against the officers in their individual capacities if Plaintiff can show by clear and convincing evidence that the officers "subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference to the consequences."  *Bud Wolf Chevrolet v. Robertson*, 519 N.E.2d 135, 136 (Ind. 1988) (citation and quotation omitted); *Kelley v. City of Michigan City*, 300 F. Supp. 2d 682, 690 (N.D. Ind. 2004).  Accordingly, Defendants' motion to dismiss the demand for punitive damages on the state law claims is granted with respect to the Porter County Sheriff's Department and the officers in their official capacities, but is denied with respect to the state law claims brought against the officers individually.

### III.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [DE 10] is GRANTED in part, and DENIED in part.  Plaintiff's § 1983 claims against Porter County and his demand for punitive damages against Reynolds and the individual officers in their official capacity are dismissed.  What remains are Plaintiff's § 1983 claims against Reynolds in his official capacity and against the individual officers in their individual and official capacities, and Plaintiff's state law claims against the individual officers in their individual capacities.  Plaintiff shall be given until September 13, 2007 to respond to Officer Lawrence's motion for summary judgment.

Lawrence will have until September 28, 2007 to reply to Plaintiff's response, if he so chooses.

**SO ORDERED.**

ENTERED:  August 14, 2007

<u>s/ Philip P. Simon</u>
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
